Williams *v.* Bonair Foundry Company et al.,
Appellants.

Argued June 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Frederick W. Anton, 3rd,* for appellant.

*David C. Harrison,* with him *Mitchell A. Kramer, Joel E. Rome,* and *Kramer & Harrison,* for appellee.

OPINION BY WATKINS, J., September 11, 1969:

This is an appeal in a workmen's compensation case by the employer-appellant, Bonair Foundry Company, and Pennsylvania Manufacturers' Association Insurance Company, from an order of the Court of Common Pleas of Philadelphia County. The order of the lower court is as follows:

"ORDER

"A significant focus in this case is Dr. Rothman, the surgeon who did a 'spinal fusion' on Claimant. Yet Dr. Rothman, oddly enough, did not testify though I understand he was available. He is the expert 'on the spot' who can tell us what he did and why he did it when he operated on Claimant, Accordingly,

"It is ORDERED that the matter be remanded back to the Workmen's Compensation Board and that the Board

"1. Hear Dr. Rothman as to all the circumstances surrounding the operation that he performed on Mr. Joseph Williams on August 30, 1966 at Jefferson Hospital.

"2. Hear testimony from Dr. Rothman as to whether or not there was any herniated disc involved which necessitated the spinal fusion.

"3. Hear testimony to determine the specific reasons why the operation was performed if no degenerated disc was found."

The claimant-appellee, Joseph Williams, filed a motion to quash the appeal on the grounds that it was interlocutory.

The claimant was employed by Bonair Foundry as a shakeout man. His job required him to haul the hot iron after it had been removed from sand molds and cooled and loaded into wheelbarrows. A normal load for the claimant-appellee was between three hundred and four hundred pounds which he would wheel to the grinding room. On December 6, 1965, claimant-appellee went to lift the wheelbarrow. He felt a sharp pain in his lower back which made him feel real nervous and loose and he passed out for a few minutes. After the incident, claimant tried to go back to work but was unable to work and was taken from the job to St. Luke's Children's Hospital where he was hospitalized from December 6, 1965 to December 10, 1965.

Following discharge from St. Luke's Hospital, claimant worked all day the 14th of December and a half day the 15th of December and from that time to October 29, 1966, sought other odd jobs. Claimant had been going to Jefferson Hospital as an outpatient for some six months and on August 29, 1966 was admitted

to Jefferson Hospital and operated on by Dr. Rothman at which time a laminectomy was performed.

The referee found for the claimant. The pertinent findings of fact by the referee were as follows:

"4. That on the aforesaid day, while in the course of his employment with the defendant, the claimant was lifting a wheelbarrow weighing 300 pounds when he felt a sharp pain in the lower back, followed by a period of three minutes of unconsciousness.

"5. That as a result of the accident the claimant suffered a herniated disc which was followed by a laminectomy and a disc fusion at Jefferson Hospital in Philadelphia."

The Board, on appeal, reversed the referee and substituted the following pertinent findings of fact.

"FIFTH: Following the injury the claimant became totally disabled and thereafter underwent back surgery for exploratory purposes, resulting in a laminectomy at Jefferson Hospital in Philadelphia, Pennsylvania. The injury was a severe sprain. There was no break or rupture resulting from the incident on December 6, 1965."

We are bound by findings of the Board, the ultimate fact finder. *Hauptle v. Bausch & Lomb Optical Company*, 206 Pa. Superior Ct. 292, 212 A. 2d 902 (1965).

The Board found that the claimant failed to sustain his burden of proof that an accident occurred and failed in his burden of proof to bring his injury within the unusual pathological result doctrine as set forth in *Gavula v. Sims Co.*, 155 Pa. Superior Ct. 206, 212, 38 A. 2d 482 (1944).

". . . a compensable injury may occur, in the course of the normal duties of an employee and without overexertion, when a strain, sprain or twist causes a break or sudden change in the physical structure or tissues of the body—that is, a fracture of the bone or bony cartilage, or a rupture of the softer tissues."

The claimant in a workmen's compensation case has the burden of proving all elements necessary to support an award. It is for the Board as the final fact finding body to determine from all the evidence whether claimant has sustained the burden resting upon him and its finding that he has not is a pure finding of fact. *Hurlburt v. Fidelity Window Cleaning Co.*, 192 Pa. Superior Ct. 152, 160 A. 2d 251 (1960).

All the medical testimony introduced in this case indicates the claimant suffered from an unstable back and at the time of the incident sustained a lumbosacral sprain but definitely eliminated any disc problem. Both medical experts had examined all the hospital records and diagnosis which were made a part of the record. There are many cases of unstable backs that result in surgery of one kind or another that occur without exertion more than reaching or stooping without any break in the bony structure or the rupture of soft tissues. Such back elements are progressive in nature although sometimes no prior warning may be given and usually result from age, weight and physical condition. The court's order in this case seems to be based on the fact that a laminectomy was performed. There is no evidence that it was performed to correct a ruptured disc.

The Board held that it was justified in assuming, under the circumstances of this case, that the testimony of Dr. Rothman, the operating surgeon, would not improve the situation for the claimant in that he was available and was not called. *Mosely v. Jones and Laughlin Steel Co.*, 155 Pa. Superior Ct. 598-605, 39 A. 2d 161 (1944).

A remand order was permitted to clear up confusion in the record in *Corbeil v. A & P Stores*, 213 Pa. Superior Ct. 1, 245 A. 2d 864 (1968). The court below relied heavily on this case as authority for its or-

der. However, the lower court is without authority to, in a sense, grant a rehearing of the matter because some testimony which could have been produced by the claimant was not. The authority to grant rehearings is delegated expressly by the legislature to the Workmen's Compensation Board by the Act of June 2, 1915, P. L. 736, Art. IV, Paragraph 426, as amended, 77 PS 871.

Where the decision of the Board is against the person having the burden of proof, the question before the court, on appeal, is whether the findings of fact are consistent with each other and the conclusions of law and can be sustained without capricious disregard of the evidence. *Hale v. Metalweld, Inc.,* 212 Pa. Superior Ct. 20, 239 A. 2d 887 (1968). In *Corbeil,* the Board disregarded the testimony of the doctor indicating, if read one way and believed, the existence of a herniated disc as a result of the occurrence and the medical testimony upon which the Board's findings and conclusions were rested was ambiguous. The questions left unanswered were pointed out by this Court in *Corbeil,* at page 7:

"Was the narrowing caused by a rupture of the annulus fibrosis? Was the narrowing, as testified to, a break in the softer tissues? The annulus fibrosus is the ring forming the circumference of the intervertebral fibro cartilage. What was the doctor talking about when he said she had a disc, if it wasn't a herniated disc? Such questions indicate the anomalous nature of the doctor's testimony upon which the conclusion of law rests."

Further in the *Corbeil* case, a petition for rehearing was filed containing an affidavit of the doctor setting forth his intended testimony. This petition was denied by the Board and no appeal was filed. Both the petition and the affidavit were in the record before the court below.

In the instant case the order was not made to clear ambiguous testimony in the record or because the Board capriciously disregarded evidence but was in effect the direction of a rehearing by calling a witness who had been available in the original hearing and was not called.

The court below admits that under the record the claimant has failed to sustain his burden but in effect is saying call more medical testimony so that the record may be expanded by a witness who was available and not called in the first place and concerning whose testimony we can only speculate. If this order is upheld then every case where a claimant fails to sustain his burden of proof the court may order the taking of additional testimony outside the record so that the claim may possibly be sustained or in the vernacular give the claimant "another bite of the cherry".

The motion to quash the appeal is denied. The order of the lower court is reversed and the order of the Workmen's Compensation Board is reinstated.