Thatch *v.* Superior Zinc Company, et al.

Argued February 10, 1972, before Judges WILKIN-SON, JR., MENCER and ROGERS, sitting as a panel of three.

*John F. McElvenny,* for appellants.

*Charles F. Quinn,* for appellee.

OPINION BY JUDGE ROGERS, March 6, 1972:

This is an appeal from an order of the Court of Common Pleas of Bucks County remanding the record

to the Workmen's Compensation Board ". . . for further consideration and determination and the making of consistent findings of fact in support of such conclusions of law and order as it shall then consider appropriate."

On July 15, 1964, claimant-appellee fell a distance of some 15 feet to the ground suffering injuries which are the subject of this litigation. He entered into a compensation agreement with his employer, the appellant here, which described his injuries as a ". . . cerebral concussion with superficial lacerations and contusions." In fact, as the hearing before the referee revealed, claimant also suffered a disabling back injury. He later executed a final settlement receipt stating that he ". . . was able to return to work on 9-21-64 without any disability or loss of earning power due to injuries received in this accident." Both the agreement and the final receipt were prepared by the appellant or its carrier.

On January 3, 1966, claimant filed a "Petition to Review Provisions of an Existing Compensation Agreement" alleging that his disability had *recurred*. Before the referee, claimant presented evidence that his back was injured in the fall, that he returned to work with the aid of a spinal brace paid for by the employer, that subsequent to signing the final receipt he received treatments for the back condition paid for by the employer, and that his partial disability resulting from the accidental injury gradually worsened until a chronic lumbosacral strain had developed. The referee concluded that the compensation agreement materially misstated the extent of the claimant's injury and, acting pursuant to Section 413 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §771, modified the agreement so as to include a chronic lumbosacral strain, awarded additional compensation

and, although not explicitly so stating, thus set aside the final receipt.

The referee found as a fact that ". . . [c]laimant returned to work on September 21, 1964, with the aid of a spinal brace and thereafter his condition resolved itself into an undetermined partial disability resulting from his said accidental injury, which gradually worsened until by June 10, 1966, the claimant had developed a chronic lumbosacral strain, which still persists." He concluded that ". . . [c]laimant's physical condition having been such at the time he returned to work after the said accidental injury to him, as to make it necessary for him to wear a spinal brace and his said condition gradually worsened until he developed a chronic lumbosacral sprain which still persists, he is entitled to additional compensation therefor under the provisions of the Pennsylvania Workmen's Compensation Act."

For the referee's finding above recited the Board substituted its finding that the ". . . [c]laimant's disability, as described in the compensation agreement between the parties . . . has not recurred"; it substituted for the referee's conclusion above recited its conclusion that ". . . [s]ince claimant's disability . . . has not recurred, he is not entitled to have the final receipt . . . set aside or the said compensation agreement modified."

The Court of Common Pleas of Bucks County by the very astute and comprehensive opinion of Judge LAWRENCE A. MONROE remanded the case to the Board for reconsideration of its substituted finding and conclusion in the light of the theory upon which the case was tried before the referee. That theory was that the claimant had suffered a disabling back injury, that the disability persisted and worsened until it became chronic and that these facts justified modifying the agreement and setting aside the final receipt. That this was the claimant's case was made apparent at the outset

of the hearing before the referee and the referee's findings and conclusion were consistent therewith. The Board's substituted finding and conclusion was apparently based entirely on its determination that claimant's proofs were not consistent with the allegation of his petition for review that his disability had recurred. This view of the case was not only contrary to the settled principle in this field that substance should prevail over form (*Sheaffer v. Penn Dairies, Inc.,* 161 Pa. Superior Ct. 583, 56 A. 2d 368 (1948)), it applied punitory pleading standards long since discarded even in judicial proceedings. Section 413 of the Act, 77 P.S. §771, empowers the Board or referee at any time to review, modify or set aside an agreement founded upon a mistake of fact. Section 434, 77 P.S. §1001, empowers the referee or the Board to set aside a final receipt founded upon a mistake of fact. Nothing could be clearer than that the agreement and final receipt in this case were founded upon mistakes of fact in the omission from the former of any mention of a back injury and in the execution of the latter at a time when and after which the claimant was being treated for a back injury. The Board's finding and conclusion were not pertinent to the matter before it and the court below properly remanded for findings consistent with the case presented. *Rose v. Horn & Hardart Baking Co.,* 214 Pa. Superior Ct. 56, 251 A. 2d 721 (1969).

The reviewing court may remand a case to the Board under Section 427 of the Workmen's Compensation Act, 77 P.S. §877, which provides as follows: "Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal." When it does so properly, as was the case here,

its order is interlocutory and not appealable. *Behanna v. Meyers*, 158 Pa. Superior Ct. 208, 44 A. 2d 600 (1945); *Radonich v. Pine Hill Coal Co.*, 158 Pa. Superior Ct. 636, 45 A. 2d 922, (1945).

The appeal is quashed at appellant's cost.