Penn Paper Company and Pennsylvania National Mutual Casualty Insurance Company, Appellants, *v.* Workmen's Compensation Appeal Board and Harry C. Stoner, Appellees.

Argued December 6, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*W. E. Shissler*, with him *Nauman, Smith, Shissler & Hall,* for appellants.

*Robert L. Myers, III*, with him *Myers, Myers, Flower & Johnson,* for appellee.

OPINION BY JUDGE BLATT, April 17, 1974:

Harry C. Stoner (claimant) was employed as a foreman for the Penn Paper Company (employer) in Harrisburg. His duties included paper cutting, bindery work and obtaining stock from the warehouse. At times this work involved lifting and carrying heavy mate-

rials. On September 22, 1969, the claimant was requested to unload two cartons of paper stock from a station wagon and to carry the cartons into the warehouse. He had no trouble in removing the first carton, but he testified as follows regarding his attempt to move the second:

"A. I couldn't reach to get ahold of the carton. I couldn't get ahold of it right to pull it towards me. The top of the carton, there was no top on it. I stretched in pretty far and got my fingers around and just gave a real quick jerk.

. . . .

"A. And then when I gave it a quick jerk my hands came off of the carton and I went down on the station wagon like. Q. All right, what do you mean your hands came off the carton? A. Well, when I gave it a quick jerk, it just happened all of a sudden and *I went down like on the station wagon, the floor of the station wagon.* Q. You mean your hands slipped off the top of the carton? A. Yes. Q. Then what occurred? A. Well, when this happened a pain flew in my back and I knew there was something wrong with it." (Emphasis added.)

The claimant was examined immediately after the incident by a physician who discovered him to be suffering from a disc condition. He was unable to return to work until January 5, 1970, when he was given a job which required no lifting but which paid the same salary he had received previously. Prior to returning to this job, however, the claimant had applied for a position with the Commonwealth, which paid a substantially lower salary, but was much lighter work, and, within three weeks of returning to work with this employer, he left to take the Commonwealth job.

On November 20, 1969, the claimant had filed a claim petition for workmen's compensation benefits. Following a hearing thereon, a referee dismissed the

claim, holding that the claimant had not suffered an accident for which benefits were payable pursuant to the unusual pathological result doctrine. On July 29, 1971, the Workmen's Compensation Board[1] (Board) affirmed the referee's decision, and the claimant thereafter appealed to the Court of Common Pleas of Dauphin County. That court held the Board to have capriciously disregarded competent testimony (specifically the testimony of the claimant quoted above) and, in an order dated May 15, 1972, remanded the case to the Board for further consideration. The employer's appeal to this Court was discontinued in the belief that it was from an interlocutory order, and the record was then remitted to the Board. Without hearing any additional evidence, the Board then reversed its previous findings of fact and those of the referee, and entered judgment for the claimant on April 12, 1973. The employer has now appealed this ruling of the Board to this Court.

We must first consider whether or not the employer erred in failing to press his appeal to this Court from the remand order of the lower court. We think that he did not. An order of the court below remanding a case to the Board is normally interlocutory and not appealable. *Corbeil v. A. & P. Stores,* 213 Pa. Superior Ct. 1, 245 A. 2d 864 (1968). Here we can find no circumstances such as in *Hale v. Metalweld, Inc.,* 209 Pa. Superior Ct. 298, 228 A. 2d 217 (1967), or *Barber v. Fleming-Raugh, Inc.,* 208 Pa. Superior Ct. 230, 222 A. 2d 423 (1966), which would have permitted us to relax the normal rule. We believe that the order of the lower court was interlocutory, and that the employer did not err by discontinuing its earlier appeal.

---

[1] Since the passage of the Act of Feb. 8, 1972, P. L.      , No. 12, this Board has been named the Workmen's Compensation Appeal Board.

In any case, we do agree generally with the ruling of the lower court in remanding the case to the Board for further consideration. When, as here, the finder of fact found against the party having the burden of proof, the reviewing court must determine whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of the evidence.[2] Cf. *Frombach v. United States Steel Corp. and the Commonwealth of Pennsylvania,* 2 Pa. Commonwealth Ct. 556, 279 A. 2d 779 (1971). In order to constitute "capricious disregard" of competent evidence, "the reviewing court must determine that such action was so flagrant as to be repugnant to a man of reasonable intelligence." *Bear v. Hartan's Sales and Service,* 9 Pa. Commonwealth Ct. 139, 141, 304 A. 2d 178, 180 (1973). We agree with the court below that the Board, in its first order, had failed to consider whether or not the claimant's testimony indicated that he had suffered an accident by slipping and falling on the floor of the station wagon while attempting to remove the second carton. Both the referee and the Board had appeared to be concerned solely with the question of whether or not the claimant's pre-existing condition prevented the application of the unusual pathological result doctrine, apparently deciding that it did. The lower court acted correctly, therefore, in remanding this case to the Board for further consideration, and in noting that there was still a question of credibility to be determined both as to the claimant's testimony and as to the question of causation. These were issues which neither the Board nor the referee reached in their first adjudication. There was a question of credibility because, although

---

[2] Since the effective date of the Act of Feb. 8, 1972, P. L. , No. 12, the Commonwealth Court rather than the Courts of Common Pleas has had jurisdiction over direct appeals from the Board.

only the claimant presented any medical testimony, the fact finder may reject the testimony of medical witnesses even when uncontradicted but it may not completely disregard competent medical testimony. *Stump v. Follmer Trucking Company*, 4 Pa. Commonwealth Ct. 110, 286 A. 2d 1 (1972).

When the case was remanded to the Board, however, not only did the Board consider the question of capricious disregard of testimony, but, without hearing any additional evidence, it made a judgment as to credibility and changed the facts as found by the prior Board and by the referee. After May 1, 1972, of course, the referee, and not the Board, has been the final judge of credibility unless the Board chooses to hear additional evidence. *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). When this case was remanded to the Board, however, with the direction to reconsider evidence concerning the accident which had been capriciously disregarded, as well as the issue of causation, the Board chose not to hear any additional evidence.[3] It was then obligated to remand the matter further to a referee for a consideration of the factual situation, specifically the credibility of the witnesses. *Mapp v. City of Philadelphia and Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 23, 317 A. 2d 914 (1974).

For the above reasons, therefore, we hereby issue the following

---

[3] Clearly the Board does not "*hear* additional evidence" (emphasis added), as contemplated in Section 423 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §854, by merely reviewing testimony which it determines the referee has capriciously disregarded or improperly excluded, without actually being present for such testimony.

## ORDER

Now, April 17, 1974, the record is hereby remitted to the Workmen's Compensation Appeal Board which shall either direct that a referee further consider this matter and enter appropriate findings of fact and conclusions of law, or itself hear additional evidence and thereafter enter a proper adjudication, pursuant to Section 423 of the Workmen's Compensation Act, 77 P.S. §854.