Bruner Hoffman, Appellant, *v.* Charles Pierce, Appellee.

Argued April 5, 1974, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Fred T. Cadmus, III,* with him *Cadmus, Good & Patten Associates,* for appellant.

*Terry W. Knox,* with him *Richard Reifsnyder* and *MacElree, Platt, Harvey and Gallagher, Ltd.,* for appellee.

OPINION BY JUDGE ROGERS, April 26, 1974:

The appellant in this workmen's compensation case, Bruner Hoffman, suffered a back injury in the course of his employment as a logger for Charles Pierce in 1956. He was paid compensation for total disability under an agreement until 1961 when his employer and its carrier petitioned for termination of the agreement claiming that Hoffman's disability had ended. Hoffman, who had in the meantime moved from Chester County to a rural area of southern Virginia, defended, alleging continued total disability. At the referee's hearing, Hoffman described his symptoms and the limitations they imposed on his ability to work but the petitioners produced two physicians, one of whom testified to negative x-ray findings and to a fifteen percent disability and the other that Hoffman had no physical impairment but that his subjective symptoms caused "perhaps a ten percent disability." The referee found Hoffman to be suffering a thirty percent partial disability and awarded appropriate compensation. Hoffman unsuccessfully appealed the referee's award to the Workmen's Compensation Board and to the Court of Common Pleas of Chester County. Compensation for partial disability as awarded was paid Hoffman during the 350 week period then provided.

In January 1968, shortly after payments for partial disability were ended, Hoffman petitioned the Board for reinstatement of the agreement for total disability averring that his condition had changed from partial to total disability. Hoffman's description of his physical condition at the referee's hearing conducted in 1968 was substantially the same as that given by him at the 1961 hearing. The referee found Hoffman not to be

totally disabled and dismissed his petition. The Workmen's Compensation Board affirmed. Because of confusion as to whether a medical report produced by Hoffman had been considered by the workmen's compensation authorities, the Court of Common Pleas of Chester County, on Hoffman's appeal, remanded for consideration of this document. The Board affirmed its earlier order of affirmance. The Court affirmed the Board and from this order Hoffman has appealed here.

The claimant contended below that even if he had failed to prove a change from partial to total disability, he was entitled to an award for total disability because the defendants had not proved the availability of work which he could perform under the rule of *Petrone v. Moffat Coal Company*, 427 Pa. 5, 233 A. 2d 891 (1967), and *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968). The court below (as did the Board) correctly held, on the authority of our case of *Henderson v. Air Master Corporation*, 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971), that the petition for reinstatement could not be used as a means of delayed appeal from an order entered and complied with long before the decisions in *Petrone* and *Barrett* or to retry the issue of the extent of disability determined in earlier litigation.

Before us, Hoffman further argues that our review of the medical report provided by him in this proceeding should convince us that the compensation authorities and the court below capriciously disregarded competent evidence that his disability has now changed from partial to total. *Drevitch v. Beverly Farms, Inc.*, 7 Pa. Commonwealth Ct. 1, 297 A. 2d 541 (1972). The report in question is that of an unquestionably qualified orthopedic specialist who examined Hoffman in May of 1968. We have reviewed this report with care. Unfortunately for the claimant, it does not include a certain finding either that the claimant is totally dis-

abled or that such disability as he suffers is the result of the injuries sustained in the accident. The doctor observes: "Certainly, anyone who examines this individual at this time must be impressed with his present disability and the obvious fact that he would be unemployable for heavy work. If he were in this area [West Chester, Pennsylvania], and a rehabilitation program could be carried out, I would venture an optimistic prognosis with a rather minimal permanent disability in the area of 25%; however, because of the aspect of his environment, and the apparent inadequacy of either carrying out a program or the inability to become involved with a program, that one accept the fact that it is not a workable thesis and consider him to be in the area of 75 to 100% totally disabled." The Board's failure to find total disability caused by Hoffman's 1956 accident based on this report did not, in our judgment, constitute a capricious disregard of evidence.

Affirmed.