City of Philadelphia, Appellant, *v.* James A. Booker, Appellee.

Argued April 4, 1974, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy City Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE WILKINSON, May 29, 1974:

Claimant-appellee has been involved in two motor vehicle accidents while on duty as a policeman in the City of Philadelphia, appellant. The first accident, on January 10, 1968, resulted in neck and back injuries to claimant-appellee who resumed active duty nine weeks later. The second accident, on July 13, 1970, resulted in multiple, especially lower back, injuries to claimant-appellee who has not resumed active duty since that date.

After an administrative conference before the Police Department's Safety Officer who heard the testimony of claimant-appellee and reviewed medical reports which diagnosed claimant-appellee's disability as "functional",[1] it was determined that claimant-appellee's disability was non-service connected. The Police Commissioner agreed and an appeal was taken to the Philadelphia Civil Service Commission. The parties stipulated to the empaneling of an impartial medical board. The appellants empaneled a medical board comprised

---

[1] The Attorney's Dictionary of Medicine, J. E. Schmidt (Matthew Bender, 1971) defines "functional" as: "Pertaining to the activity rather than the structure, as a functional disorder of the stomach, one in which only the activity is impaired." Functional disease is defined as: "a disease or a disorder of an organ, or the body as a whole, which is due to improper activity of the parts involved, rather than to a structural or organic change."

*solely* of orthopedists and after a hearing on May 9, 1972, and after considering the reports of each orthopedist, the Civil Service Commission concluded that "it is impossible to conclude service connection of [claimant's] disability by a fair preponderance of the evidence." An appeal was taken to the Court of Common Pleas which concluded that "there was no substantial evidence to support a conclusion that if the disability was not *orthopedically* substantiated, it was not service-connected." (Emphasis added.) The case was remanded "with the directive to impanel an impartial medical board of physicians who are specialists in [nervous, psychologic and psychic disturbances]." This appeal by the City of Philadelphia followed.

The issue involved here is whether the order of the lower court, remanding the case to the Commission, is interlocutory thereby making this appeal premature. Generally, such an order is interlocutory and the appeal therefrom is premature. *City of Philadelphia v. Murphy,* 13 Pa. Commonwealth Ct. 630, 320 A.2d 411 (1974). *See Thatch v. Superior Zinc Company,* 4 Pa. Commonwealth Ct. 550, 288 A.2d 564 (1972). As noted, however, in *Royal Pioneer Ind., Inc. v. Workmen's Compensation Appeal Board and Battistone,* 11 Pa. Commonwealth Ct. 132, 309 A.2d 831 (1973), exceptions to the general rule exist. A review of the record here convinces us that this case does not fall within any of the exceptions discussed in *Royal Pioneer.* Nor does this case come within the exception of *Williams v. Bonair Foundry Company,* 215 Pa. Superior Ct. 357, 257 A.2d 69 (1969), wherein the appeal from the remand by the lower court was found to be proper because the lower court erred in granting a rehearing to consider matter which could have been produced at the first hearing.

As noted in *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A.2d 406 (1974), regula-

tion 32 of the Philadelphia Civil Service Commission defines disability to include either "a physical or mental condition." Thus the remand here to have an impartial medical board consider claimant-appellee's mental condition would not seem to be a clear error of law.

It must be emphasized that we are not here deciding that the remand was proper. That issue can be raised in later proceedings. We simply hold that we can find no circumstances which would cause us to treat this case as an exception to the rule that the order of a lower court remanding a case is interlocutory and an appeal therefrom is premature.

Accordingly, this appeal is dismissed and the order of the lower court is affirmed.