City of Philadelphia, Appellant, *v.* Arthur DiTullio, Appellee.

638

Argued April 4, 1974, before Judges KRAMER, WIL-KINSON, JR. and BLATT, sitting as a panel of three.

*John M. McNally, Jr.,* First Deputy Solicitor, with him *Nicholas Panarella, Jr.,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellant.

*Yale B. Bernstein,* with him *Stanley Bashman* and *Bashman, Wertheimer, Kane, Manfredi & Byrne,* for appellee.

OPINION BY JUDGE BLATT, May 29, 1974:

On February 14, 1970 while operating a patrol car, police officer Arthur DiTullio (claimant) was involved in a collision and received neck, back, chest and wrist injuries.[1] He has not since resumed regular active duty, but he did perform light duty for a short period of time. He sought disability benefits pursuant to Regulation 32 of the Philadelphia Civil Service Commission (Commission).

Following an administrative conference, the "safety officer" appointed by the police department recommended that the claimant be denied benefits because he had failed to demonstrate a causal connection between the accident and his disability, thus failing to prove any such disability to be service-connected. When this recommendation was adopted by the Police Commissioner, the claimant appealed to the Commission. The Commission did not rule on his eligibility for benefits but ordered that he be reinstated to limited duty for a period of six months, at the end of which time the Commission was to be given a report as to his performance, along with a current medical report and prognosis. The claimant then appealed to the Court of Common Pleas of Philadelphia County, which remanded the case to the Commission so that it might consider the results of a medical examination of the claimant made subsequent to the date of the Commission's order. The City of Philadelphia (City) has now appealed from the lower court's order.

---

[1] The claimant had previously suffered the following injuries while a police officer.

(1) November 19, 1961—an on-duty injury to the neck.

(2) December 23, 1962—an on-duty injury to his neck.

(3) February 12, 1964—an on-duty injury to his neck and head.

(4) May 19, 1966—an on-duty injury to his neck, hips and ribs.

(5) October 26, 1967—an on-duty injury to his left shoulder.

We have recently considered the application of Regulation 32 and the procedures involved thereunder in *City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A.2d 406 (1974). As we pointed out there, appeals from the Commission are taken to the lower court pursuant to the Local Agency Law, Act of Dec. 2, 1968, P. L. 1133, 53 P.S. §11301 et seq. On appeals therefrom to this Court, when, as here, the lower court has not held a hearing de novo, we held that our scope of review is limited to a determination of whether or not (1) the constitutional rights of the appellant were violated by the Commission or (2) the Commission manifestly abused its discretion or committed an error of law, and (3) the findings of fact made by the Commission are supported by substantial evidence. We also held that, in considering claims brought pursuant to Regulation 32, the procedures to be followed are those set forth in the said regulation, in the City Home Rule Charter, and in the Local Agency Law, and, as to substantive questions, we approved the use of appropriate precedents under the Workmen's Compensation Act[2] relating to similar issues arising under Regulation 32.

In seeking benefits under Regulation 32, a claimant must demonstrate that he is suffering from a disability consisting of a physical or mental condition caused by a service-connected accident or occupational disease. The record here clearly indicates that the claimant did suffer an accident on February 14, 1970, in the course of his employment. Medical evidence, which was unfortunately very limited, however, was substantially as follows: Dr. Axel K. Olsen, a neurosurgeon who examined the claimant on November 27, 1970, some nine months after the accident, found that there had been no change in the claimant's condition since the accident, that he was in constant pain in the left trapizius

[2] Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1 et seq.

area and that he was neurologically negative. The neurosurgeon further found that there had so far been no improvement in the claimant's condition with management and he doubted that there would be any improvement. In a letter dated March 5, 1970, shortly after the accident, Dr. Leonard Klinghoffer stated: "This patient sustained a moderately severe cervical spine soft tissue strain, a somewhat milder cervical spine strain and multiple contusions *as a result of the accident on February 14.*" (Emphasis added.) In a report dated December 7, 1970, again some months after the accident, Dr. A. A. Bockman, a physician employed by the City, stated that "[d]espite all treatment measures to date, including numerous examinations, his complaints appear to be quite persistent." A report on March 18, 1971, from the Acting Chief of the Municipal Medical Dispensary remarks, without further explanation, that the claimant's disability is a result of a strain to the neck and the left shoulder and anxiety reaction. Dr. Theodore Kushner, in a letter dated April 23, 1971, stated: "I find no significant neurologic or psychiatric disability in this individual, and feel that his problems which exist are solely orthopedic."

We believe that this evidence, while meager, was yet sufficient to permit the Commission to make a decision on the merits and, depending on its findings as to credibility, even to enable the Commission to award benefits to the claimant. The Commission, however, failed to act at all on the issue of benefits and ordered the claimant reinstated to light work. The City argues that the Commission's order was interlocutory and that no appeal therefrom was permissible. But, of course, this order had the effect of denying the claimant's request for benefits and, even more important, it required the return of the claimant to work even though he claimed that he was permanently disabled.

The claimant admittedly did indicate a desire to return to work in his testimony before the Commission, but this did not alter the fact that he also argued that he was permanently disabled. The case, therefore, was properly appealable to the lower court, because, as to the claimant, it did represent an adjudication of his ability to work, and he must have an appeal to question that finding.

The order of the lower court, itself, however, was interlocutory, and the City's appeal to this Court was, therefore, premature. As we noted in *City of Philadelphia v. Murphy,* 13 Pa. Commonwealth Ct. 630, 320 A. 2d 411 (1974), a lower court order remanding a case to the Commission is generally interlocutory. Unlike the situation in *Murphy, supra,* however, where an exception was made, the lower court's order here is not so clearly in error as to warrant our making any exception to this rule. Although we might question the reasoning of the lower court, it clearly had the authority to remand to the Commission for consideration of medical evidence[3] which was apparently not available at the time of the Commission hearing. We would hope, of course, that the medical evidence presented on remand will be more extensive and pertinent than the mere reports and letters of other physicians which were submitted previously.

In any event, it is necessary for us to remand because the Commission has failed to make sufficient findings of fact as required by Section 6 of the Local Agency Law, 53 P.S. §11306. Although, as we pointed out in *Hays, supra,* the Commission need not enumerate its findings, it must specifically rule on all material issues of fact. Here it has clearly not ruled specifically

---

[3] The evidence was the ruling of a physician for the Police Pension Fund that the claimant was entitled to a service-connected disability pension.

either as to the extent of the claimant's disability or as to whether or not its cause was service-connected.

Other issues raised by the parties have been dealt with in *Hays, supra,* and we hereby adopt our holdings therein.

For the above reasons, therefore, we affirm the order of the court below and remand the record to the Civil Service Commission of Philadelphia.