Eddie C. Fitzgerald, Appellant, *v.* Civil Service Commission of the City of Philadelphia, Appellee.

Argued October 11, 1974, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Edwin P. Smith,* with him *Dubyn & Smith,* for appellant.

*Nicholas Panarella, Jr.,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE BLATT, December 27, 1974:

Eddie C. Fitzgerald (claimant), a police officer employed by the City of Philadelphia, suffered separate injuries to his neck and back in accidents which occurred while he was at work on January 8, 1969 and

November 27, 1970. The first injury occurred when his patrol car had stopped at a traffic signal and was struck from the rear by a civilian vehicle. He was assigned to varying periods of no-duty, limited duty, and active duty during the course of his subsequent treatment at Philadelphia General Hospital, and he returned to regular active duty on June 16, 1969. While he sought treatment again for back discomfort in June of 1970, this did not affect his duty. His second injury occurred when, while he was sitting in his patrol car completing a Traffic Violation Report, his car was once more struck by a civilian vehicle. He was again treated at Philadelphia General Hospital and was given a "no-duty" status until December 21, 1970 when he again resumed regular active duty. On March 21, 1972, however, he sought treatment for what was then described as a longstanding and increasing difficulty in controlling his right leg. He also complained of intermittent pain and numbness in the leg and of a weakness in his right arm. He entered Philadelphia General Hospital on May 31, 1972 for an extensive neurological work-up. He was discharged on June 30, 1972 with an uncertain diagnosis indicating that he was probably suffering from either a demyelenating disease or a possible traumatic cervical myelopathy. He has not since resumed regular active duty, but has sought disability benefits pursuant to Regulation 32 of the Philadelphia Civil Service Commission (Commission).

Following an administrative conference, the "safety officer" in charge recommended a finding that the claimant's permanent and partial disability was non-service connected. The Police Commissioner approved, and the claimant was then notified that benefits would not be granted. He appealed to the Commission which reviewed the evidence and agreed that the claimant had not shown that his condition was service connected.

Benefits, therefore, were again denied. On appeal to the Court of Common Pleas of Philadelphia County, that court affirmed, and an appeal to this Court followed.

We have recently considered the application of Regulation 32 and the procedures involved thereunder in *City of Philadelphia v. DiTullio*, 13 Pa. Commonwealth Ct. 637, 320 A. 2d 415 (1974) ; *City of Philadelphia v. Murphy*, 13 Pa. Commonwealth Ct. 630, 320 A. 2d 411 (1974) ; and *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A. 2d 406 (1974). As we have pointed out, appeals from the Commission are taken to the lower court pursuant to the Local Agency Law, Act of Dec. 2, 1968, P. L. 1133, 53 P.S. §11301 et seq. On appeals therefrom to this Court, when, as here, the lower court has not held a hearing de novo, we have held that our scope of review is limited to a determination of whether or not (1) the constitutional rights of the appellant were violated by the Commission or (2) the Commission manifestly abused its discretion or committed an error of law, and (3) the findings of fact made by the Commission are supported by substantial evidence. We have also held that, in considering claims brought pursuant to Regulation 32, the procedures to be followed are those set forth in the said regulation, in the City Home Rule Charter, and in the Local Agency Law, and, as to substantive questions, we have approved the use of appropriate precedents under the Pennsylvania Workmen's Compensation Act[1] relating to similar issues arising under Regulation 32.

The claimant here argues that the Commission's findings were not based upon substantial evidence. A careful review of the record, however, indicates that the Commission was undoubtedly correct in its findings that the claimant failed to establish a causal connection

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

between the two accidents and his subsequent disability. Obscuring the factor of causation, of course, were the long intervals after each of the injuries, during which the claimant showed no significant disability. The evidence he offered consisted of his own testimony, hospital treatment records, and the police department disability records, and, although he was given an opportunity to submit a report by a private neurosurgeon, he failed to do this, perhaps for lack of funds. From the evidence available to the Commission, therefore, a final diagnosis of the claimant's condition remained uncertain. At best this evidence revealed that the claimant suffered either from the demyelenating disease multiple sclerosis or from post traumatic cervical myelopathy. The disease, of course, would not be causally related to the two accidents whereas the traumatic condition might be so related. It is well established, however, that "where, as here, there is 'no obvious causal relationship between the employee's injury and the alleged accident unequivocal medical testimony is necessary to establish the causal connection.' Hagner v. Alan Wood Steel Company, 210 Pa. Superior Ct. 473, 476, 233 A. 2d 923, 925 (1967)." *City of Philadelphia v. Murphy,* 13 Pa. Commonwealth Ct. at 635, 320 A. 2d at 414. Here, of course, there was no medical testimony presented whatever, but only the claimant's medical records, and the rule applying to medical testimony in these cases applies equally well to medical evidence generally. When a medical witness offers testimony on the issue of causation he must testify, "not that the injury or condition might have or possibly came from the assigned cause, but that in his professional opinion, the result in question *did* come from the assigned cause." (Emphasis added.) *City of Philadelphia v. Murphy,* 13 Pa. Commonwealth Ct. at 635, 320 A. 2d at 414. *See also Williams v. San Giorgio Macaroni, Inc.,* 13 Pa. Commonwealth Ct. 386, 319 A. 2d 434 (1974). The

evidence here did not sufficiently assign the disability to the two accidents suffered by the claimant, and the Commission's finding that he had not met his burden of proof, therefore, must be sustained.

The order of the court below is, therefore, sustained.