Wencil Plouse, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Delta Drilling Company, Respondents.

238

Argued June 5, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*William C. Stillwagon,* for appellant.

*John F. Will, Jr.,* with him *Will & Keisling,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, August 15, 1978:

The Appellant, Wencil Plouse, appeals here from a dismissal of his petition for additional medical services and of his petitions for reinstatement which sought compensation for the treatment of a back problem. The Workmen's Compensation Appeal Board (Board) affirmed a referee's dismissal of all petitions on the basis that the Appellant's back problem was unrelated to and not the result of a prior work-related accident in which he suffered a leg injury and was therefore uncompensable under The Pennsylvania Workmen's Compensation Act[1] (Act).

The facts indicate that in June of 1970, while he was employed as a floorman with Delta Drilling Com-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

pany (employer), the Appellant was struck in the leg by a "drill collar" and sustained serious leg injuries. An agreement for total disability was executed, compensation was paid to the Appellant pursuant thereto, and there was no statement in the agreement regarding any related back injury. In June of 1973, the employer filed a termination petition, alleging that the Appellant's disability had terminated, and the parties signed a stipulation agreeing to termination. Then, after a hearing which the Appellant did not attend, a referee ordered compensation terminated as of March 2, 1973. Later, however, in August of 1973 and April of 1974 the Appellant filed petitions for further medical services for back injuries which he alleged resulted from the 1970 accident. The Board directed the latter petition to be considered a reinstatement petition. About the same time the Appellant filed another reinstatement petition alleging that his original disability had not terminated but had in fact increased because of his related back condition. In August of 1974, the Board referred both petitions to a referee for a hearing, and the referee found that the Appellant's disability from the 1970 accident had terminated as of March 2, 1973 and that the back condition, for which the Appellant sought additional medical services and a reinstatement of compensation, was unrelated to, and not the result of, the 1970 accident. The referee, therefore, dismissed both petitions, and this action was affirmed upon appeal to the Board.

Our scope of review here, as defined in Section 44 of the Administrative Agency Law,[2] is limited to a

---

[2] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq. Section 427 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §876.1, provides that this Court's scope of review in a workmen's compensation appeal is that defined in Section 44 of the Administrative Agency Law.

determination of whether or not an error of law was committed, constitutional rights were violated, or findings of fact were unsupported by substantial evidence. The Appellant contends that because of mistakes of his counsel and the referee, and because he was not present at the hearing when the stipulation was presented to the referee, his allegedly related back condition was not made a part of the record and that his petitions, therefore, should have been granted.

The law is clear that a petition for additional medical services cannot be granted where there is not a compensable injury upon which it could rest. *See Chabotar v. S. Klein Department Store,* 26 Pa. Commonwealth Ct. 572, 364 A.2d 970 (1976). Here, the Appellant's disability from the compensable injury suffered in 1970 had been held to be terminated as of March of 1973. There being no compensable injury, therefore, upon which his petition regarding his back problem could rest, we believe that his petition for additional medical services was properly dismissed.

With regard to the Appellant's reinstatement petition, it is clear that such a petition to reinstate benefits cannot serve the purpose of retrying the issue of the extent of a disability which was previously determined pursuant to a petition to terminate. *Hoffman v. Pierce,* 13 Pa. Commonwealth Ct. 368, 318 A.2d 772 (1974). Although it is true that a compensation agreement and final settlement receipt may be set aside if based upon mistakes of fact which omit mention of an injury, *Thatch v. Superior Zinc Co.,* 4 Pa. Commonwealth Ct. 550, 288 A.2d 564 (1972), this is not the case here. The referee conducted numerous hearings regarding the Appellant's back condition at which several physicians testified, and, although there was a conflict in the testimony, the referee's finding that the back condition was unrelated to and not the result of the 1970 accident was supported by the tes-

timony of several of the physicians.[3]   The law is clear that the resolution of conflicts of testimony is a matter of credibility to be resolved by the fact-finder, who found here against the Appellant.   We believe, therefore, that the reinstatement petitions seeking compensation for the Appellant's unrelated back problems were properly dismissed.

The order of the Board dismissing the said petitions is, therefore, affirmed.

ORDER

AND Now, this 15th day of August, 1978, the order of the Workmen's Compensation Appeal Board at Docket No. A-71804, dated December 30, 1976, is hereby affirmed.

---

[3] The Board's opinion notes significantly that the Appellant received a back injury in 1969 while with another employer.