Board of Pensions and Retirement of the City of Philadelphia, Appellant *v.* Harry R. Hodge, Appellee.

Submitted on briefs December 13, 1982, to Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Alan J. Davis*, City Solicitor, with him *Jill A. Douthett*, Deputy City Solicitor, and *Janet Stern Holcombe*, Assistant City Solicitor, for appellant.

*Thomas F. McDevitt*, for appellee.

OPINION BY JUDGE CRAIG, February 15, 1983:

The Board of Pensions and Retirement of the City of Philadelphia appeals from an order of the Court of Common Pleas of Philadelphia County which reversed and remanded a decision of the board denying benefits to Harry A. Hodge.

In March of 1978, Hodge, a former city emplolyee who had injured himself while working, applied to the

board for a service connected disability pension. The board met May 25, 1978 and denied Hodge's application. Hodge appealed the denial to the Court of Common Pleas of Philadelphia, which, after reviewing the record, reversed the decision and remanded the case to the board with instructions that Hodge "be afforded reasonable notice of a hearing and opportunity to be heard" and that Hodge "be examined by a Medical Panel composed of three qualified physicians in accordance with Section 117.1 of the Philadelphia Retirement System Ordinance ..."

The board does not here challenge the trial court's instruction that on remand Hodge is entitled to due process protections, but it does appeal that part of the instructions that requires a panel of three doctors to examine Hodge.

Although the issue was not raised by Hodge, we note sua sponte the interlocutory nature of the trial court's order remanding the case to the board. An order of a trial court remanding a case is normally interlocutory and not appealable.[1] Because there is no final order, we find ourselves to be without jurisdiction and therefore must quash this appeal as interlocutory.[2]

We do note, however, that the trial court's remand is appropriate because the record of the board's proceedings was incomplete. The Local Agency Law[3] re-

---

[1] *Penn Paper Co. v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 105, 108, 317 A.2d 914, 916 (1974); *City of Philadelphia v. Booker*, 13 Pa. Commonwealth Ct. 588, 320 A.2d 426 (1974); *Corbeil v. A & P Stores*, 213 Pa. Superior Ct. 1, 245 A.2d 864 (1968). *See also Murhon v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980).

[2] *Husted v. Board of Directors of Wellsboro Area School Dist.*, 57 Pa. Commonwealth Ct. 520, 427 A.2d 272 (1981).

[3] 2 Pa. C. S. §§551-555, 751-754.

quires a hearing and a record for proper adjudication,[4] and on remand the board will have the opportunity to cure that defect.

We must also note that the trial court's interpretation of Section 117 of the Philadelphia Retirement System Ordinance complies with the provisions of Section 1903(a) of the Statutory Construction Act,[5] requiring interpretation of words according to their common and approved usage. Section 117.1 of the ordinance provides, in part, that "[t]he Board shall appoint a Medical Panel to be composed of not less than three practicing physicians...." Section 117.2 provides that "[t]he Medical Panel shall conduct all medical examinations required under the provisions of this ordinance...."

The word "shall" in a statute generally indicates a mandatory duty,[6] and there is nothing in this ordinance to suggest that any other meaning would be appropriate. It would be nonsensical for the ordinance to provide for the minimum number of physicians on the Medical Panel if that minimum were not intended to be mandatory.

Because the order of the Court of Common Pleas of Philadelphia County is interlocutory in nature, the appeal of the board is quashed.

ORDER

Now, February 15, 1983, the appeal from the Order of the Court of Common Pleas of Philadelphia County, dated February 18, 1981, is quashed.

---

[4] 2 Pa. C. S. §553.

[5] 1 Pa. C. S. §1903(a).

[6] *James F. Oakley, Inc. v. School Dist. of Philadelphia*, 464 Pa. 330, 346 A.2d 765 (1975); *Francis v. Corleto*, 418 Pa. 417, 211 A.2d 503 (1965); *In Re Columbia Borough*, 24 Pa. Commonwealth Ct. 190, 354 A.2d 277 (1976); *In Re Amendment of Clinton County Budget*, 13 Pa. D. & C.3d 389 (1980).