535 A.2d 264

Gary Hanusey v. Civil Service Commission of the City of Philadelphia. City of Philadelphia, Appellant.

Submitted on briefs September 15, 1987, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Stephen A. Sawyer,* Chief Assistant City Solicitor, for appellant.

*Michael S. Durst,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 28, 1987:

The Civil Service Commission of the City of Philadelphia (Commission) denied Police Officer Gary Hanusey one month of disability under Regulation 32.[1] A Philadelphia County Common Pleas Court order reversed and awarded benefits. The Commission appeals; we reverse.

---

[1] Regulation 32 of the Philadelphia Civil Service Commission Regulations was enacted to benefit City of Philadelphia employees injured or disabled in the course of their public service.

Hanusey had sustained several on-duty injuries since 1980, including a back injury. On March 23, 1985, he slipped and fell while on duty, reinjuring his back. He was then placed on no-duty status by the City Compensation Clinic (Clinic). A week later he was declared fit for active duty but remained off work for the month of April due to continuing back pain. His absence was charged to sick leave rather than being credited as service-connected. The Clinic subsequently determined that he was again entitled to service-connected benefits as of April 30, 1985. Hanusey appealed the denial of benefits for April 1985 to the Commission, which affirmed.[2] The Commission did not contest Hanusey's appeal to the common pleas court, which determined that substantial, competent evidence did not support the Commission's finding of ineligibility and thereby reversed.

Because Regulation 32 is similar in intent and form to The Pennsylvania Workmen's Compensation Act (Act),[3] this Court has held that the principles enunciated in interpreting the Act are applicable to Regulation 32 matters where similar substantive issues are involved. *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 320 A.2d 406 (1974). Under Regulation 32, the claimant has the burden of proving to the Commission that disability exists and that it is service-related. *Smith v. Civil Service Commission of Philadelphia*, 53 Pa. Commonwealth Ct. 164, 417 A.2d 810

---

[2] Although the Commission's denial of benefits appears to be based largely on Hanusey's apparent violation of Police Department and Civil Service Commission regulations concerning the receipt of outside medical care, the subsequent appeals to both the common pleas court and this Court failed to raise this issue and it is thereby deemed waived.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1—1603.

(1980). Where, as here, a full and complete record has been made before the Commission, the common pleas court's scope of review is limited to determining whether substantial evidence supports the Commission's fact findings and whether an error of law has been made or constitutional rights violated. Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b). When the common pleas court takes no additional evidence, this Court's scope of review is similarly circumscribed. *Fitzgerald v. Civil Service Commission of Philadelphia*, 16 Pa. Commonwealth Ct. 540, 330 A.2d 285 (1974).

The Commission contends that its original determination was supported by substantial evidence and that the common pleas court exceeded its authority in re-weighing the evidence. We agree.

The Commission, as fact finder, relied upon the medical opinions of Dr. Stephen Bosacco, an orthopedic surgeon with the Clinic, and Dr. Richard Katz, a neurologist seen privately by Hanusey. These physicians each determined that Hanusey was capable of performing limited duty during the period in question.[4] However, the common pleas court implicitly rejected this evidence, crediting instead other conflicting medical evidence. The common pleas court's opinion states:

> [T]he issue is whether the evidence supporting plaintiff's claim that he could not work due to the fact that he was suffering from a herniated disc can be found in the record and also whether the decision of Dr. Berman, in declaring the plaintiff fit for active duty on March 31st, was appropriate. This court has reviewed the entire record concerning the plaintiff's medical back-

---

[4] Dr. Arnold Berman, also of the City Compensation Clinic, likewise determined that Hanusey was fit for active duty based on the opinions of Drs. Bosacco and Katz.

ground. This Court finds it quite strange that physicians of the City Compensation Clinic would reach such varying results concerning the plaintiff's condition when such examinations took place within extremely short periods of time. This is no clearer seen in that on May 2, 1985, the plaintiff was placed on no-duty status by Dr. Hayes, Chief of the Medical Dispensary, after he had reviewed the plaintiff's medical history, the EMG test and the CAT scan.

*Hanusey v. City of Philadelphia Civil Service Commission* (No. 2484 March Term 1986, filed September 12, 1986), slip op. at p. 3.

While there appears to be several irreconcilable medical opinions in the record, we are constrained to hold that the court exceeded its scope of review by usurping the Commission's function to weigh the evidence and make credibility determinations. The opinions of the two clinic physicians and the other treating physician constitute substantial medical evidence to support the Commission's initial determination that Hanusey was capable of limited duty work in April 1985. Therefore, the common pleas court order is reversed and the Commission's order reinstated.

ORDER

The Philadelphia County Common Pleas Court order, No. 2484 March Term 1986 dated September 12, 1986, is reversed. The order of the Civil Service Commission of the City of Philadelphia, No. 0-2021 dated March 5, 1986, is reinstated.