525 A.2d 1265

William F. Drennan, Appellant *v.* City of Philadelphia, Board of Pensions and Retirement, Appellee.

Submitted on briefs December 12, 1986, to Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Anthony J. Molloy,* with him, *Jeffrey Orchinik* and *Mitchell R. Leiderman, Mozenter, Molloy & Durst,* for appellant.

*Ralph J. Teti,* Divisional Deputy City Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, May 20, 1987:

William F. Drennan (Appellant) appeals from a ruling of the Court of Common Pleas of Philadelphia County (trial court) affirming a decision of the City of Philadelphia Board of Pensions and Retirement (Board) which denied him service-connected disability retirement benefits. For the reasons set forth below, we affirm.

Appellant is a former sergeant with the police department in the City of Philadelphia. On February 2, 1978, he received orders to assist in relocating his headquarters from the Segley Guard House in Fairmont to a vacant wing of Philadelphia General Hospital. This assignment included four to five hours of lifting, carrying and otherwise transporting desks, chairs, filing cabinets, lockers and related equipment.

Later that evening, Appellant began experiencing pains in and around his chest. These pains grew steadily worse during the following day and evening until finally he was transported to Nazareth Hospital where he suffered cardiac arrest and had to be resuscitated. He was diagnosed as having a myocardial infarction and coronary artery disease.

Appellant filed a timely application for service-connected disability retirement benefits pursuant to Section 206.1 of the City's Pension Ordinance. This section states:

*Section 206. Service Connected Disability Retirement Benefits*

206.1. Upon written application, any employee found by the [Pension] Board to be permanently incapacitated from further performance of duty, which incapacity resulted solely from the per-

formance of the duties of his position and was not caused by the employee's own wrongful conduct, shall be retired; . . .

On January 17, 1981, at a regularly scheduled meeting, the Board made an adjudication on Appellant's application. The Board considered the reports of two examining physicians on its Medical Panel and three medical reports submitted by Appellant's physicians. The Board thereafter denied Appellant's application holding that his injury was not solely the result of his performance of work duties.

Appellant appealed that decision. The trial court concluded that Appellant had not been given sufficient notice and opportunity to be heard, and remanded the matter to the Board for a hearing.

On January 25, 1982, the Board conducted a hearing and took testimony from both Appellant and a fellow officer. In addition, Appellant submitted the medical report of a fourth examining physician. The Board issued its decision on April 15, 1982 again denying Appellant's application for Section 206 benefits on the basis that his disability did not result solely from performance of his work duties.

Appellant appealed to the trial court which, without taking any additional evidence, affirmed the Board. This appeal followed.

Appellant contends that the Board's decision was not supported by substantial evidence and that the Board's interpretation of Section 206 was erroneous as a matter of law.

Our scope of review of a local agency decision where the trial court took no additional evidence is limited to determining whether the adjudication is in violation of the constitutional rights of the Appellant, or not in accordance with the law, or whether local agency procedures have been violated or whether any findings of fact

made by the agency and necessary to support its adjudication are not supported by substantial evidence. *Philadelphia Board of Pensions and Retirement v. Amanto,* 97 Pa. Commonwealth Ct. 550, 510 A.2d 846 (1986); Section 754 of the Local Agency Law, 2 Pa. C. S. §754.

Appellant initially contends that the decision of the Board is not supported by substantial evidence. The record contains the medical reports of six examining physicians and the notes of testimony from the hearing. Dr. Samuel C. Stein and Dr. Morris N. Kotler, of the Board's Medical Panel submitted reports which included their professional opinions on the causal connection between Petitioner's assigned duties and his subsequent heart attack. Dr. Stein stated that "I am still of the opinion . . . that the applicant's myocardial infarction was not work related," and Dr. Kotler stated: "I see no cause and effect between the fact that he had lifted furniture the day before and his subsequent myocardial infarction, and therefore believe that his disability is not due solely to the performance of the duties of his position."

Two of Appellant's physicians also offered their expert opinions. Dr. Elsa A. DeGuzman stated only that the moving activity "could have played a major role in precipitating his myocardial infarction," and Dr. Philip Lisan stated, "in my opinion, his heart condition was precipitated by the incident on his job."

The notes of testimony from the hearing show that, upon questioning by the Board, Appellant admitted that he had been smoking about two packs of cigarettes a day for over twenty years and that his father had died of congestive heart failure.

In Local Agency decisions, where evidence is contradictory, determinations as to weight and credibility are for the fact-finder and not for the reviewing court. *Davis v. City of Connellsville,* 49 Pa. Commonwealth

Ct. 106, 410 A.2d 937 (1980). The expert opinions of the physicians on the Board's Medical Panel combined with Appellant's testimony substantially support the Board's conclusion that Appellant's disability was not solely the result of the performance of his duties.

Appellant next contends that the Board erred in its interpretation of the statute in placing the heavy burden on a claimant to prove that the disability resulted exclusively from performance of duty. Appellant argues instead that the words "resulted solely from the performance of his duties of his position" should be read in conjunction with "and not caused by the employee's own wrongful conduct" to express only the requirement for benefit eligibility that the claimant's disability be merely service-connected and not be in any way attributable to wrongful actions. In support of his contention, Appellant asserts that, owing to the nature of heart conditions, any other interpretation would place a virtually insurmountable burden on an applicant and therefore would render Section 206.1 meaningless. We disagree with Appellant's contention.

This case presents a first look for this court at Section 206 of the Philadelphia Retirement System Ordinance. Section 206 is titled "Service Connected Disability Retirement Benefits" and is one section of a comprehensive pension ordinance which provides several categories of retirement benefits for all officers and employees paid out of the Treasury of the City of Philadelphia. In interpreting the provisions of the Ordinance, the reviewing court shall apply the provisions of Section 1903(a) of the Statutory Construction Act, 1 Pa. C. S. §1903, which requires interpretation of words according to their common approved usage. *Philadelphia Board of Pensions and Retirement v. Hodge*, 72 Pa. Commonwealth Ct. 59, 455 A.2d 1270 (1983). Appellant's argument that Section 206.1 requires only that a claimant's

disability be merely service-connected and non-attributable to wrongful conduct ignores the plain meaning of the paragraph. If the drafters of the Ordinance had intended Appellant's interpretation, there would have been no reason to insert the languages "resulted solely from the performance of the duties of his position", rather the simple statement "which incapacity was not caused by the employee's own wrongful conduct" beneath the title of the Section would have sufficed. Therefore, the drafters' insertion of the words "resulted solely from the performance of the duties of his position" indicates their intent to impose two separate requirements for eligibility: one concerning the specific causal relationship between the performance of duty and the resultant disability; the other concerning the effect of any wrongful conduct on the part of the claimant.

The remaining question for review concerns the degree of causation which the claimant is required to prove[1] under Section 206 in order to be eligible for benefits. "Solely" is defined as "to the exclusion of alternate or competing things." Webster's Third New International Dictionary 2168 (1986). Accepting this definition as common usage, it is clear that the drafters of Section 206 intended to require a complete and exclusive nexus between the performance of work duties and the resultant disability. The language of Section 206 is clear and unambiguous.

---

[1] We note initially that this Court has held that, in retirement plans for service-connected disability benefits, the burden is on the claimant to prove that the disability is related to the performance of duty by the required causal nexus of the relevant ordinance. *See, e.g., City of Philadelphia v. Hays,* 13 Pa. Commonwealth Ct. 621, 320 A.2d 406 (1974) (in connection with Philadelphia Civil Service Regulation 32).

Employing this interpretation to Appellant's application, the Board found, based on Appellant's testimony and the physicians' medical reports, that Appellant had not proved that his heart attack was solely the result of his activity in relocating the headquarters. In doing so, the Board properly interpreted Section 206 as it applied to the findings.

Finally, Appellant argues that in its decision to deny his application for Section 206 benefits, the Board failed to make specific findings of fact and conclusions of law in violation of Section 555 of the Local Agency Law, 2 Pa. C. S. §555, and that therefore we should remand the matter to the Board. The absence of formal findings of fact, however, is not per se fatal to an administrative proceeding. *Harjefs Corporation v. City of Philadelphia Tax Review Board*, 16 Pa. Commonwealth Ct. 63, 329 A.2d 325 (1974). Furthermore, "findings may be included in the body of the adjudication if desired and need not necessarily be numerically listed, although listing is clearly preferable," *City of Philadelphia v. Hays*, 13 Pa. Commonwealth Ct. 621, 630, 320 A.2d 406, 411 (1974).

In its initial adjudication, the Board made specific findings of fact and conclusions of law based on medical reports submitted by both Appellant and the Board's Medical Panel on the single issue of whether Appellant's disability was solely service-connected. On appeal, the trial court ordered a remand to allow Appellant opportunity to testify. The Board then ordered a hearing wherein Petitioner testified, and, following the hearing, the Board issued an adjudication again denying Petitioner's application for benefits. On appeal from this final adjudication, the trial court stated that "the Board again confirmed its previous findings of fact and conclusions of law (issued with respect to the June, 1980 decision) and denied the disability pension." Inasmuch as

formal findings and conclusions were confirmed in the final adjudication, it conforms with Local Agency Law.

The order of the trial court is affirmed.

ORDER

AND NOW, May 20, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

Senior Judge KALISH dissents.