576 A.2d 1151

BOARD OF PENSIONS AND RETIREMENT OF the CITY OF PHILADELPHIA, Appellant,

v.

Carmen CHRISTY, Appellee.

BOARD OF PENSIONS AND RETIREMENT OF the CITY OF PHILADELPHIA, Appellant,

v.

Albert MAZZO and John Anderson, Appellees.

Albert MAZZO and John Anderson, Appellants,

v.

BOARD OF PENSIONS AND RETIREMENT OF the CITY OF PHILADELPHIA, Appellee.

Carmen CHRISTY, Appellant,

v.

BOARD OF PENSIONS AND RETIREMENT OF the CITY OF PHILADELPHIA, Appellee.

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided June 4, 1990.

Reargument and Reconsideration Denied August 3, 1990.

366

Steven K. Ludwig, Deputy City Sol., with him, Ralph J. Teti, Chief Deputy City Sol., and Seymour Kurland, City Sol., for appellant/appellee, Bd. of Pensions and Retirement of the City of Philadelphia.

Anthony J. Molloy, Jr., with him, Jane R. Goldberg, Mozenter, Molloy & Durst, Philadelphia, for appellees/appellants, Carmen Christy, Albert Mazzo and John Anderson.

Before CRAIG and PALLADINO, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

The Board of Pensions and Retirement of the City of Philadelphia (Board) and Carmen Christy (Christy), Albert Mazzo (Mazzo) and John Anderson (Anderson) cross appeal from two orders of the Court of Common Pleas of Philadelphia County (trial court) which directed the Board to pay pension benefits to Christy, Mazzo, and Anderson (collectively, Appellees). We reverse.

Appellees are former employees of the City of Philadelphia (City), each of whom had vested pension benefits under

the Municipal Employee Retirement System at the time of their dismissal from the City's police department. Mazzo and Anderson were dismissed on March 8, 1984, when they were indicted with other police officers and charged with violations of federal law for allegedly receiving bribes in return for overlooking violations of the gambling laws. On or about November 22, 1984, Mazzo and Anderson were tried by a jury and found not guilty. Mazzo prosecuted the grievance he had filed at the time of his dismissal, which was denied, while Anderson sought reinstatement to his former position, but was denied the same.

Christy was suspended with intent to dismiss on July 20, 1984 and subsequently dismissed as a consequence of testimony in federal court during the Mazzo and Anderson trial which indicated that Christy received a share of the bribe money for overlooking violations of the vice laws. At the time of his dismissal, Christy was advised that he was the target of a criminal investigation, but was never charged with any criminal offense. Christy filed a grievance protesting his dismissal, which was denied. Christy arbitrated the grievance, and upon appeal of the arbitrators' award, was denied reinstatement.

Upon reaching retirement age, Appellees applied for retirement benefits. The Board denied Christy's application, finding that Christy was ineligible by virtue of section 217 of the municipal retirement ordinance.[1] Christy appealed the denial of benefits to the trial court. As for Mazzo and

1. Section 217 reads as follows:

*Section 217 Disqualification.*

217.1. Notwithstanding any other provision of this Article, no employee nor any beneficiary designated by or for any employee shall be entitled to receive any retirement or other benefit or payment of any kind except a return of contribution paid into the Retirement System, without interest, if such employee

(a) pleads or is finally found guilty, or pleads no defense, in any court, to any of the following:

(1) Perjury committed in connection with his official duties or in any affidavit or proceeding concerning his official duties or conduct;

Anderson, the Board initially voted to grant pension benefits, but following receipt of a legal opinion from the City solicitor, the Board denied benefits by virtue of section 217. Both Mazzo and Anderson appealed this denial to the trial court.

On appeal to the trial court, the Appellees argued that section 217 denied them equal protection and due process of

(2) Acceptance of a bribe for the performance, or affecting the performance or for the nonperformance of his official duties, or the offering or giving of a bribe to any other City employee or employee of the Commonwealth of Pennsylvania or of the United States for the performance or affecting the performance or for the non-performance of his official duties;

(3) Engaging in graft or corruption incident to or in connection with his office or employment constituting a violation of the laws of the Commonwealth of Pennsylvania or the United States;

(4) Theft, embezzlement, wilful misapplication, or other illegal taking of funds or property of the City, or those of any official agency of the City, or agency, engaged in performing any governmental function for the City or the Commonwealth of Pennsylvania;

(5) Malfeasance in his office or employment;

(6) Engaging in a conspiracy to commit any of the foregoing; (As amended by Ordinance of April 27, 1967—Bill No. 2318)

(b) refuses or fails to testify or answer any question which, under Section 10–110 of the Home Rule Charter is ground for forfeiture of office or position;

(c) while charged with having committed any of the offenses set forth under (a) or (b) above, is dismissed and

(1) if a Civil Service employee, does not appeal his dismissal to the Civil Service Commission, or having appealed, does not prosecute his appeal to a conclusion favorable to him, or

(2) if exempt from Civil Service, does not prosecute his application for retirement benefits to a conclusion favorable to him, or

(3) resigns.

217.2. Where an employee is dismissed for any of the foregoing reasons, or resigns while under such charges, no retirement or other benefit shall be payable pending the final disposition of any criminal proceedings and the expiration of any period for appeal, or appeal to the Civil Service Commission. If the employee is finally successful in such criminal proceedings and in his appeal from dismissal before the Civil Service Commission, or if, following his acquittal or discharge on the criminal proceedings, the employee is restored to his office or position, then all such employee's retirement and other rights and benefits shall be restored as of the date of such dismissal or resignation.

217.3. If an employee resigns while under any of the charges listed in 217.1 above, or dies before final disposition of the criminal proceedings and appeal to the Civil Service Commission, the Board shall

law, and that section 217 was preempted or repealed by the Public Employee Pension Forfeiture Act, Act of July 8, 1978, P.L. 752, *as amended*, 43 P.S. §§ 1311–1315 (Pension Forfeiture Act). The trial court rejected the constitutional claims, but found that section 217 was preempted by the Pension Forfeiture Act, and ordered the award of pension benefits. These cross-appeals followed.

These appeals raise four issues: (1) whether the Pension Forfeiture Act preempts section 217; (2) whether the trial court erred in holding that section 217 is not violative of the constitutional right of equal protection; (3) whether Christy was denied due process in consideration of his application for retirement benefits; and (4) whether section 217 applies to individuals against whom no criminal charges were brought.

■ Our scope of review of local agency decisions where the trial court takes no additional evidence is limited to determining whether the adjudication is in violation of the constitutional rights of the Appellant, not in accordance with the law, whether local agency procedures have been violated or whether any findings of fact made by the agency and necessary to support the decision are not supported by substantial evidence. *Drennan v. City of Philadelphia, Board of Pensions and Retirement*, 106 Pa.Commonwealth Ct. 262, 525 A.2d 1265 (1987).

■ The doctrine of preemption is based upon the proposition that a municipality, as an agent of the state, cannot act contrary to the state. However, the mere fact that a state statute and municipal ordinance exist on the same subject matter is insufficient to hold that the municipal ordinance is preempted. Preemption is not presumed. Rather the General Assembly must show clearly its intent to preempt a field in which it has legislated. *Council of Middletown Township v. Benham*, 514 Pa. 176, 180, 523 A.2d 311, 313 (1987). The state statute must either state on

determine whether such employee has committed any of the offenses set forth in (a) or (b) of Section 217.1.

its face that local legislation is forbidden, or indicate "an intention on the part of the legislature that it should not be supplemented by municipal bodies." *Western Pennsylvania Restaurant Association v. Pittsburgh,* 366 Pa. 374, 381, 77 A.2d 616, 620 (1951).

In *Duff v. Township of Northampton,* 110 Pa.Commonwealth Ct. 277, 288, 532 A.2d 500, 505 (1987) *affirmed,* 520 Pa. 79, 550 A.2d 1319 (1988), this court set forth the criteria to be considered on the issue of preemption:

> Pertinent questions in determining the preemption issues are: (1) Does the ordinance conflict with the state law, either because of conflicting policies or operational effect, that is does the ordinance forbid what the legislature has permitted? (2) Was the state law intended expressly or impliedly to be exclusive in the field? (3) Does the subject matter reflect a need for uniformity? (4) Is the state scheme so pervasive or comprehensive that it precludes coexistence of municipal regulation? (5) Does the ordinance stand as an obstacle to the accomplishment and execution of the full purposes and objectives of the legislature?

■■■■ The pension plan affects only personnel of the City and does not concern citizens of other parts of the Commonwealth, *Osser v. City of Philadelphia,* 94 Pa.Commonwealth Ct. 116, 503 A.2d 466 (1986). Accordingly it does not conflict with the limitation on home rule cities from passing ordinances which affect the health, safety, security and general welfare of all inhabitants of the Commonwealth. *Addison Case,* 385 Pa. 48, 122 A.2d 272 (1956); Section 18 of the Act of April 21, 1949, P.L. § 665, *as amended,* 53 P.S. § 13133. Nor does the ordinance conflict with the Pension Forfeiture Act. It merely adds additional requirements to be met before an individual is eligible for a pension. The state statute merely creates a minimum standard for the forfeiture of pension benefits.

■■■■ The Pension Forfeiture Act neither expressly nor impliedly states that it is to be the exclusive legislation in

the field. Nor is there a need for uniformity, because pension plans are not mandatory, but a matter of contract between an employer and its employees. Furthermore, the state statutory scheme is not so pervasive or comprehensive as to preclude supplementary local ordinances, which, as in this case, are not an obstacle to the accomplishment of the objectives of the legislature, i.e. denying pension benefits to individuals convicted of crimes relating to those individuals' public employment. Accordingly, we conclude that the Pension Forfeiture Act does not preempt section 217. Because this was the only issue addressed by the trial court, we reverse the orders of the trial court.

■■■ While not addressed by the trial court, the remaining issues raised before us were raised before the trial court, and must now be addressed. On the equal protection issue, Appellees argue that section 217 violates their right to equal protection by creating a dichotomy between civil service employees, and non-civil service employees in connection with entitlement to pension benefits. Section 217, however, merely recognizes that there are two classes of employees, each of which has a different property interest in continued employment, and is governed by a different set of rules relating to reinstatement. Civil service employees have a property interest in employment. Consequently, they can appeal from a dismissal to the civil service commission. Non-civil service employees do not have a similar property interest in employment and are given alternate means of appeal. Section 217(c) of the ordinance merely reflects this difference. This distinction bears a rational relationship to a legitimate government purpose, i.e. to provide only the procedure which is deemed required. Therefore, we will not overturn.

■■■ The due process argument is controlled by the supreme court's decision in *Horsley v. Philadelphia Board of Pensions and Retirement*, 519 Pa. 264, 546 A.2d 1115 (1988) which held that there was no improper commingling of adjudicatory and prosecutorial functions of the Board, when all that was before the Board was the application of

the law to undisputed facts. Christy argues that there was a question of fact involved in this case, i.e. the "significance" that Christy had never been charged with a crime. The Board does not dispute the fact that Christy was not charged with a crime. The "significance" of a fact is not a factual dispute, but merely the application of the ordinance to undisputed facts, and hence a question of law. Accordingly, we conclude that there was no violation of Christy's right of due process.

The final issue is whether section 217 applies to individuals against whom no criminal charges were brought. We conclude that it does. Only subsection 217.-1(a) requires a conviction or equivalent of criminal charges. Subsections 217.1(c) and 217.2 only refer to "charges" and dismissal for the reasons set forth in subsection 217.1(a). The City, at the time of Christy's dismissal, in effect, administratively charged him with having committed the offense of bribery. An administrative charge of bribery is sufficient grounds, under section 217(c)(i) and 217.2 to bar pension benefits. If the City had intended that only criminal charges were to be considered, it could have so specified in subsection 217.1(c) and 217.2, as it had done in subsection 217.(a). We conclude that the intent of the legislative body was to include administrative charges, such as reasons for dismissal, within section 217. Accordingly, Christy is barred from receiving pension benefits.

Accordingly, the decisions of the trial court are reversed and the orders of the Board are reinstated.

## ORDER

Nos. 1357 C.D. 1989 and 1449 C.D. 1989.

AND NOW, June 4, 1990, the orders of the Court of Common Pleas of Philadelphia County in the above-captioned matters are reversed, and the orders of the Board of Pensions and Retirement of the City of Philadelphia are reinstated.

CRUMLISH, Jr., former President Judge did not participate in the decision in this case.