577 A.2d 948

David M. GERBER, Petitioner,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 6, 1990.

Decided July 10, 1990.

640

Joan Carey, with her, Jane Muller–Peterson, for petitioner.

Jason W. Manne, Asst. Counsel, for respondent.

Before COLINS and SMITH, JJ., and SILVESTRI, Senior Judge.

COLINS, Judge.

David M. Gerber (petitioner) petitions for review of the August 21, 1989 final order of the Secretary of the Department of Public Welfare (DPW), which affirmed a decision of the Office of Hearings and Appeals (OHA), restricting petitioner's medical assistance services to one physician effective April 11, 1989.[1] We affirm.

Petitioner is a recipient of medical assistance from DPW. This matter arose when a recipient history profile (RHP)[2] was generated January 24, 1989, covering the period January 1, 1988 to January 18, 1989. The RHP revealed that petitioner had seen six different physicians for the purpose of receiving the same or similar services and the same or

1. The OHA also restricted petitioner to a single pharmacy for purposes of having prescriptions filled, which is not before us for review.

2. An RHP is a report showing all medical services received by an individual and paid for by DPW.

similar prescriptions for controlled drugs.[3] It further revealed that in having the prescriptions filled he rotated between nine different pharmacies. Consequently, petitioner received notice from DPW's Bureau of Case Management (BCM), Recipient Monitoring Unit, of its determination that he had misutilized medical services in violation of Sections 1101.91 and 1101.92(a)(4) and (c)(2) of the Medical Assistance Manual.[4] Petitioner was advised that as a result of these violations, he was being placed on the restricted recipient program.

Petitioner appealed this determination to the OHA which, following a hearing, affirmed the decision of the BCM to restrict petitioner's medical assistance services to one pharmacy and one physician. The Secretary of DPW granted reconsideration and issued a final order on the merits August 21, 1989, affirming the OHA's June 8, 1989 decision. This appeal of the physician restriction followed.

■ Petitioner presents two arguments for our review: (1) whether the Hearing Officer made sufficient factual findings in order to establish the violations; and, (2) whether there is substantial evidence to support the OHA's determination. Our scope of review is limited to a determination of whether the agency's decision is supported by substantial evidence, or the action violated petitioner's constitutional rights, or errors of law were committed. *St. Christopher's Hospital v. Department of Public Welfare,* 128 Pa.Commonwealth Ct. 144, 562 A.2d 1021 (1989).

■ The applicable Code sections provide in pertinent part:

§ **1101.91. Recipient misutilization and abuse.**

(a) *Identification of recipient misutilization and abuse.* It is a function of the CAO [County Assistance Office] to identify recipient misutilization; abuse or possible fraud in relation to the MA Program. Therefore, providers

---

3. DPW's witness testified concerning the RHP that petitioner was actually seen by ten different physicians during the period but had used primarily six to obtain prescriptions.

4. 55 Pa.Code §§ 1101.91 and 1101.92(a)(4) and (c)(2).

should notify the CAO if they have reason to believe that a recipient is misutilizing or abusing MA services or may be defrauding the MA Program. In addition, the Department has established procedures for reviewing recipient utilization of MA services. The review procedures *identify recipients or families that are receiving excessive or unnecessary treatment, diagnostic services, drugs, medical supplies, or other services by visiting numerous practitioners.* If the results of the Department's review warrant it, the recipient will be placed on the restricted recipient program, which means that he will be restricted to obtaining certain services from a single provider of his choice.

(b) *Restricted recipient program.* A recipient who has been placed on the restricted recipient program will be notified in writing at least 10 days prior to the effective date of the restriction. The notice will include the name of a proposed provider which will become the one the recipient shall use if he does not notify the Department, in writing, prior to the effective date of the restriction, that he wishes to choose a different provider. If, during a period of restriction, a recipient wishes to change a designated provider, a 30-day written notice shall be given in writing to the Office of Medical Assistance.

**§ 1101.92. Recipient prohibited acts, criminal penalties and civil penalties.**

(a) It shall be unlawful for a person to commit any of the following acts:

.    .    .    .    .

(4) Knowingly or intentionally visit more than three practitioners or providers, who specialize in the same field, in the course of 1 month for the purpose of obtaining excessive services or benefits beyond what is reasonably needed (as determined by medical professionals engaged by the Department) for the treatment of a diagnosed condition of the recipient.

.    .    .    .    .

(c) Noncriminal penalties shall consist of the following:

.  .  .  .  .

(2) If the Department determines that a recipient misuses or overutilizes MA benefits, the Department is authorized to restrict a recipient to a provider of his choice for each medical specialty or type of provider covered under the MA Program.

55 Pa.Code §§ 1101.91 and 1101.92(a)(4) and (c)(2) (emphasis added).

■ Petitioner asserts that the Hearing Officer made no specific findings as to whether the services or drugs he received were excessive or unnecessary and no findings relative to the physicians' fields of specialization or diagnoses of petitioner's condition. He maintains that such findings were essential to support a conclusion that his actions violated the Code and, therefore, that we should remand the matter for further proceedings. Upon a thorough review of the record, we must disagree. The absence of specific findings of fact is not necessarily fatal to an administrative proceeding. *Drennan v. Philadelphia Pensions Board,* 106 Pa.Commonwealth Ct. 262, 525 A.2d 1265 (1987).

The relevant finding No. 3 states that "[a] review of the [RHP] indicated that the [petitioner] has misutilized medical services by seeing six different physicians during the review period." The RHP, contained in its entirety in the record, evidences that petitioner *repeatedly* obtained quantities of analgesics and tranquilizers from different providers prior to the end of the previous supply period. DPW's witness testified that each medication petitioner received has a high probability for dependency over a long period of time. She stated that because of petitioner's pattern of obtaining the same or similar analgesics and tranquilizers from different providers before the expiration of previous prescriptions necessitates that he be monitored through the restriction to one physician. Otherwise, it is impossible for the providers to be aware of how frequently the drugs are being dispensed. Moreover, implicit in the Hearing Offi-

cer's adjudication is a rejection of petitioner's testimony that the reason he saw so many doctors was because of the extent of the injuries he received in a car accident in 1986, and that he believed it impossible for one doctor to mastermind his case; that several doctors indicated they preferred not to treat him or could not help him; and that there had been personality conflicts.

Concerning petitioner's substantial evidence argument, suffice it to say that the record is replete with evidence to support the Hearing Officer's findings and conclusion.

Accordingly, we affirm.

Former CRUMLISH, Jr., President Judge, did not participate in the decision in this case.

### ORDER

AND NOW, this 10th day of July, 1990, the order of the Department of Public Welfare in the above-captioned matter is affirmed.