# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Estate of Lynn D. Wilson | : | |
| by Donna Killinger, Executrix, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| State Employees' Retirement Board, | : | No. 1253 C.D. 2016 |
| Respondent | : | Argued: November 15, 2017 |

BEFORE:　HONORABLE MARY HANNAH LEAVITT, President Judge
　　　　　HONORABLE RENÉE COHN JUBELIRER, Judge
　　　　　HONORABLE ROBERT SIMPSON, Judge
　　　　　HONORABLE P. KEVIN BROBSON, Judge
　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　HONORABLE JOSEPH M. COSGROVE, Judge

OPINION BY
JUDGE COVEY　　　　　　　　　　　　FILED: December 20, 2017

Estate of Lynn D. Wilson (Wilson) by Donna Killinger (Claimant), Executrix (Estate) petitions this Court for review of the Pennsylvania State Employees' Retirement Board's (Board) June 28, 2016 order affirming the Pennsylvania State Employees' Retirement System's (SERS) denial of the Estate's request to effectuate Wilson's option change and pay his death benefit. The Estate presents two issues for this Court's review: (1) whether the Board erred, abused its discretion or capriciously and arbitrarily determined that Wilson's beneficiary designation was not accepted because SERS did not receive Wilson's beneficiary change until after Wilson's death; and (2) whether Wilson's retirement should vest in the Estate if the Board does not accept Wilson's beneficiary change. After review, we reverse.

The facts as found by the Board are undisputed. Wilson became a SERS member on September 21, 1977, by virtue of his employment with the Department of Public Welfare. Wilson retired effective March 1, 1997, after electing to receive an Option 2 annuity and naming Christene Wilson, his wife, as his survivor annuitant. Electing an Option 2 annuity meant that if Wilson predeceased his designated survivor annuitant, she would receive the same monthly benefit Wilson received while he was alive. In addition, because an Option 2 annuity was elected, if Wilson's designated survivor annuitant predeceased him, Wilson's retirement benefit would cease upon his death, unless he changed his survivor annuitant designation.

A SERS member whose designated survivor annuitant predeceases him may change his survivor benefits by filing an Application for Option Change form (SERS Application) with SERS. Wilson's wife and designated survivor annuitant, Christene Wilson, predeceased Wilson on November 27, 2011. By letter dated May 22, 2012, to Wilson, SERS explained that, because his designated survivor annuitant had died, Wilson could re-elect his retirement option and select one of several other options, including an option that would allow him to designate a different survivor annuitant. SERS' May 22, 2012 letter stated that any option change would be effective on the date SERS receives the completed SERS Application and required attachments.

Wilson completed a SERS Application, which he signed and dated June 1, 2012. Wilson also completed a Retired Member Beneficiary Nomination form (Beneficiary Nomination), naming Diana L. Johns (Johns), his oldest daughter, as 100% principal beneficiary, and Claimant, his youngest daughter, as 100% contingent beneficiary. Wilson checked the "yes" box next to the statement that he understood that his option change election would be effective on the date SERS received his SERS Application. Wilson died on June 9, 2012. SERS received Wilson's

2

completed SERS Application, together with the completed Beneficiary Nomination, on June 13, 2012.

When SERS received Wilson's completed SERS Application and Beneficiary Nomination it had not yet received notice of Wilson's death, and took the necessary administrative steps to change Wilson's option in accordance with the documents. On June 26, 2012, SERS sent Wilson a letter stating that his retirement account had been recalculated in order to change his retirement option from Option 2 to Option 1 as requested. On July 10, 2012, SERS received notification of Wilson's June 9, 2012 death from Johns. By November 29, 2012 and January 18, 2013 letters to the Estate, SERS advised that it would not honor Wilson's option change because SERS received Wilson's SERS Application and Beneficiary Nomination after the date of his death and therefore determined that Wilson's death benefit was based on his original option selection, which meant that, since Wilson's designated survivor annuitant, his wife, had predeceased him, there were no monies remaining to be paid, and SERS stopped the annuity.

By May 13, 2013 letter, the Estate's Counsel asked SERS to reconsider its decision and allow the Estate to file an appeal. By November 6, 2013 letter, SERS' Benefit Determination Division Director Debra G. Murphy responded that SERS had reviewed Wilson's file again, concluded that SERS' prior determination was correct, and explained the Estate's appeal rights. On November 23, 2013, the Estate appealed from SERS' determination. SERS' Appeals Committee (Appeals Committee) denied the Estate's request to change Wilson's retirement option in accordance with Wilson's SERS Application and Beneficiary Nomination. Claimant appealed from the Appeals Committee's determination and a hearing was held on February 25, 2015 before a Hearing Officer. On August 13, 2015, the Hearing Officer issued an Opinion and Recommendation that Claimant's request be denied. Claimant filed timely exceptions with the Board. On June 28, 2016, the Board

3

accepted and adopted the Hearing Officer's Opinion and Recommendation, as modified[1] and denied Claimant's appeal. Claimant appealed to this Court.[2]

Essentially, Claimant argues that because Wilson's SERS Application and Beneficiary Nomination were executed and mailed before Wilson's death, his retirement should have been changed from Option 2 to Option 1 and Johns should be designated his 100% principal beneficiary and Claimant, his 100% contingent beneficiary. We agree.

At the outset, as the Board acknowledged, the Hearing Officer began her discussion by referring to Wilson's wife as a beneficiary,[3] rather than a survivor

---

[1] Pursuant to Section 35.211 of General Rules of Administrative Practice and Procedure, 1 Pa. Code § 35.211, either party may file exceptions within 30 days. SERS filed exceptions raising issues with statements contained in the body of the Hearing Officer's Opinion and Recommendation. First, SERS asserted that the identity of SERS' counsel who filed the Answer in this matter is misstated on page one of the Opinion and Recommendation. The Board sustained this exception. SERS next took exception with the Hearing Officer's discussion on page ten of her Opinion and Recommendation where she misstated the distinction between a survivor annuitant and a beneficiary, as those terms are defined by the State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. §§ 5101-5958. Because survivor annuitants and beneficiaries are two separate and distinct classes of people under the Retirement Code, the Board sustained this exception as well. Wilson's spouse was his designated survivor annuitant, as the Option 2 selection that he made at retirement did not provide for the naming of a beneficiary to receive a lump sum death benefit, but rather a survivor annuitant who would receive a lifetime annuity if living at his death.

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is not in accordance with the law, whether local agency procedures have been violated, or whether 'any findings of fact made by the agency and necessary to support its adjudication are not supported by substantial evidence.'

*Sandusky v. Pa. State Emps.' Ret. Bd.,* 127 A.3d 34, 47 n.17 (Pa. Cmwlth. 2015) (quoting *Drennan v. City of Phila., Bd. of Pensions & Ret.,* 525 A.2d 1265, 1266 (Pa. Cmwlth. 1987)).

[3] The Retirement Code defines a "beneficiary" as follows:

In the case of the system, the person or persons last designated in writing to the [B]oard by a member to receive his accumulated deductions or a lump sum benefit upon the death of such member. In the case of the plan, the person or persons last designated in writing to the [B]oard by the participant to receive the participant's vested

4

annuitant. The State Employees' Retirement Code (Retirement Code) defines a "survivor annuitant" as "[t]he person or persons last designated by a member under a joint and survivor annuity option to receive an annuity upon the death of such member." 71 Pa.C.S. § 5102. The Hearing Officer expounded:

> A duly[-]executed retirement beneficiary nomination form cannot be superseded even by a signed nomination of beneficiaries form if that latter form has not been filed with the Board. *Hess v. [] Pub. Sch. [Emps.'] Ret[.] Bd.,* 460 A.2d 1231, 1232 (Pa. Cmwlth. 1983). Therefore, Claimant has not sustained her burden of proof in this matter.

Hearing Officer Op. and Rec. at 10-11. Importantly, the Hearing Officer's reliance upon *Hess* is misplaced as that case is clearly distinguishable from the instant matter. In *Hess,* the decedent made **oral representations** that he desired to change his "beneficiary," but in fact never completed a Beneficiary Nomination, much less filed one with the Public School Employees' Retirement Board. Here, Wilson completed and executed his SERS Application and Beneficiary Nomination, and SERS **received** both.

Notwithstanding, the Board insists that it is not bound by Wilson's SERS Application and Beneficiary Nomination because SERS did not receive them before Wilson's death. The Board relies upon Section 31.11 of the General Rules of Administrative Practice and Procedure (GRAPP),[4] and *Harasty v. Public School Employees' Retirement Board*, 945 A.2d 783 (Pa. Cmwlth. 2008), to support its conclusion.

The *Harasty* Court rejected a SERS member's (claimant) argument that because he mailed a written notice before the statutory deadline, his notice should be

---

accumulated total defined contributions or a lump sum benefit upon the death of the participant.

71 Pa.C.S. § 5102.

[4] 1 Pa. Code §§ 31.1 - 35.251.

5

considered timely. Specifically, Section 8305.1(b) of the Public School Employees' Retirement Code, the statute referenced in the *Harasty* case, requires: "The member must elect to become a Class T-D member by filing a written notice with the [Public School Employes' Retirement B]oard **on or before December 31, 2001**, or before the termination of school service or State service as applicable, whichever first occurs." 24 Pa.C.S. § 8305.1(b) (emphasis added). Section 31.11 of GRAPP provides:

> Pleadings, submittals or other documents required or permitted to be filed under this part, the regulations of the agency or any other provision of law shall be received for filing at the office of the agency within the time limits, if any, for the filing. **The date of receipt at the office of the agency and not the date of deposit in the mails is determinative**.

1 Pa. Code § 31.11 (emphasis added). Because there was a statutory deadline and GRAPP applied, the *Harasty* Court properly rejected the claimant's argument that the mailbox rule applied.[5]

However, there is no statutory deadline in this case. Rather, without supporting legal authority, the Board determined that Wilson's June 9, 2012 death date was the applicable deadline and, based on GRAPP, Wilson missed that deadline. To the contrary, since Wilson's death date could not possibly be known in advance, Wilson had absolutely no ability to guarantee SERS received his SERS Application and Beneficiary Nomination before then. Hence, it is untenable to conclude that Wilson's documents were untimely because SERS did not receive them before he died. The dispositive issue, as evidenced by SERS' May 22, 2012 letter, is not

---

[5] "The mailbox rule creates a rebuttable presumption that an item which is properly mailed will be received; the presumption cannot be nullified by only an assertion that the item was not received." *C.E. v. Dep't of Pub. Welfare,* 97 A.3d 828, 832 (Pa. Cmwlth. 2014).

whether SERS received the forms before Wilson's death, but rather, whether Wilson completed and filed the forms. SERS' May 22, 2012[6] letter to Wilson stated:

> When you retired, you selected Option 2, which provides a monthly annuity for your designated survivor upon your death. Because your designated survivor has died, you are permitted to re-elect your retirement option and select one of the following: Maximum Single Life, Option 1, Option 2, Option 3 or a Special Option 4. If you select an option that provides a survivor annuity, you may designate a different survivor.
>
> SERS prepared the enclosed option change estimate at your request. The enclosed benefit estimates are based on your gender and current age. The estimate calculations for Option 2 and Option 3 also are based on the age and gender of the person you identified.
>
> Also enclosed are [a SERS Application] and [Beneficiary Nomination]. **To select a new option you must complete the enclosed [SERS Application].**
>
> **If you select Option 1, you must also complete the [Beneficiary Nomination] with the names of your death beneficiaries.** If you do not select Option 1, do not complete the [Beneficiary Nomination].

Reproduced Record (R.R.) at 85a-86a (emphasis added). The letter concluded:

> **Electing a new option is likely to reduce the amount of your monthly annuity payment. The option change will be effective the date SERS receives your completed [SERS Application] and required attachments**; however, it will take up to sixty days for SERS to process the change. (Special Option 4 selections also must be deemed to be actuarially sound and may take longer to process). After your new monthly annuity payment is calculated, SERS will provide you with a bill for the amount you were overpaid.

---

[6] Wilson's spouse died on November 27, 2011. SERS did not issue its letter until six months later.

> Should you have any questions or need assistance completing the appropriate forms, please feel free to contact me at number listed in the letterhead.

R.R. at 86a (emphasis added).

There is no dispute that Wilson completed a SERS Application and Beneficiary Nomination, and filed the same with SERS. If Wilson had not died, his option change and possible reduction in benefits would have been effective when SERS received his forms. The date of SERS' receipt is irrelevant in relation to Wilson's option change and new beneficiaries, particularly when there are no promulgated rules or regulations requiring that the SERS Application and Beneficiary Nomination be filed before a member's death. Moreover, the definition of "beneficiary" includes "the person or persons last designated in writing to the [B]oard by a member . . . ." 71 Pa.C.S. § 5102. Here, SERS confirmed it received Wilson's last written designation of Johns as 100% principal beneficiary, and Claimant as 100% contingent beneficiary. Finally, none of the Board's cited cases hold that GRAPP is applicable herein and requires a different conclusion. *See Harasty,* (statutory deadline triggered GRAPP); *Rosenstein v. Pub. Sch. Emps.' Ret. Sys.,* 685 A.2d 624 (Pa. Cmwlth. 1996) (claimant was never designated as a substitute survivor annuitant or beneficiary); *Luckhardt v. State Emps. Ret. Bd.,* 459 A.2d 1347, 1348 n.4 (Pa. Cmwlth. 1983) ("formal proceedings before the Board are governed by [GRAPP]").

Based on the circumstances herein that SERS received Wilson's last designated beneficiaries notice, Wilson's option change was effective upon SERS receipt and, thus, the Board erred by failing to honor Wilson's option change and pay the designated beneficiaries his death benefit.[7]

---

[7] Given the disposition of the first issue, the second issue is moot.

8

For all of the above reasons, the Board's order is reversed.


_____

ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Estate of Lynn D. Wilson        :
by Donna Killinger, Executrix,     :
                          Petitioner    :
                                     :
                     v.            :
                                     :
State Employees' Retirement Board,  :    No. 1253 C.D. 2016
                    Respondent   :

## O R D E R

AND NOW, this 20th day of December, 2017, the Pennsylvania State Employees' Retirement Board's June 28, 2016 order is reversed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Estate of Lynn D. Wilson : by Donna Killinger, Executrix, :
           Petitioner :
 :
 :
        v. :
 :
State Employees' Retirement Board, : No. 1253 C.D. 2016
        Respondent : Argued: November 15, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge


CONCURRING OPINION
BY JUDGE COSGROVE           FILED: December 20, 2017


      I join the exceptionally well-written Majority opinion in its entirety. I write separately to emphasize the danger posed by administrative directives which require an agency to have actually received a particular item before giving that item effect.

      In this case, without regulatory, statutory, or case law support, the State Employees' Retirement System (SERS) argued that Lynn D. Wilson's (Mr. Wilson) change of retirement option should be rejected because, although Mr. Wilson properly executed and actually mailed the change form, it was not received by SERS prior to his death. Discounting this argument, the Majority correctly notes that nothing impeded the change request from taking effect prior to actual receipt by

SERS. Mr. Wilson did all he could to have his wishes carried out by completing the necessary form and dropping it in the mail. Others in his and similar situations, i.e., where an individual seeks a benefit or service to which he or she is allowed, follow that same process countless times each week. But how, when, where (or if) the designated recipient agency actually "receives" the item is another question. In the entangled bureaucratic webs which encircle state agencies it may be difficult, with any level of certainty, to determine what exactly constitutes "receipt" and whether something which must be received by a certain date was actually "received" on time, if at all.

In the present case, despite SERS' best effort, the Majority recognized that Mr. Wilson's wishes did not need a receipt by SERS for them to be effective. Had the Majority said otherwise, however, and in the face of specific requirements in other administrative areas, *see, e.g.,* 1 Pa.Code § 31.11, a separate and even constitutional due process problem may have arisen. In those areas where receipt remains administratively required, this potential problem can be avoided through an understanding of the present Majority's logic, as well as recognition and administrative adoption of "[t]he venerable common law 'mailbox rule.'" *Commonwealth v. Thomas*, 814 A.2d 754, 758 (Pa. Super. 2002). This would avoid the problem SERS tried to create here, a problem which potentially lurks elsewhere in our administrative machinery.

_____
JOSEPH M. COSGROVE, Judge

JMC-2